### OPINION OF HON. SELAH B. STRONG ON THE POWERS OF COUNTY JUDGES.

A case having come before Judge ROSE involving the questions whether a county judge can perform the duties of a judge of the supreme court at chambers, he referred the matter to Mr. Justice STRONG by whom the following opinion was given. It will be seen that the conclusion arrived at upon the question involved, is adverse to that of Mr. Justice WILLARD, ante, page 32.

The material question raised in this case is, whether a county judge can execute at chambers the powers and duties of a justice of this court, which were conferred by statute passed previous to the adoption of the new constitution upon the judges of the then existing county courts of

the degree of counsellor in the supreme court? Provisions were made by the Revised Statutes (vol. 1st, p. 87, § 3, and p. 98, § 15,) for the appointment of "supreme court commissioners" in most of the counties in this state. There was no definition of their powers in either of those sections. That was given in the 18th section of the act relative to the powers and duties of certain judicial officers, (2d R. S., 209.) It is there enacted that supreme court commissioners duly appointed according to law shall severally be authorised and required to perform all the duties and to execute every power, act and trust which a justice of the supreme court may perform and execute out of court, according to the rules and practice of such court, and pursuant to the provisions of any statute, in all civil cases except as hereinafter provided." This is the general grant of the powers of those officers. There are various limitations of such powers in the subsequent sections of the same act, and others were conferred upon them by several statutes, but neither has any bearing upon the present question. By the 32d section of the act which I have last quoted, it is provided that, "every recorder of a city, and every judge of the county courts of any county being of the degree of counsellor of the supreme court, shall by virtue of their respective offices *be supreme court commissioners,* and shall be authorised and required to perform all the duties herein conferred, subject to all the provisions of this title." The duties mentioned in the latter part of the section are doubtless those of supreme court commissioners, and not such as are conferred upon other officers, such as masters in chancery and notaries public, mentioned in other sections of the same title. The section last quoted, as I understand it, does not confer the power in question upon the judges of the county courts therein mentioned as such judges, *but it constitutes them supreme court commissioners,* and as such authorises them to perform those powers. If that is the true construction of the statute, the abolition of the office would necessarily annihilate its powers in all cases—the county judges would no longer be supreme court commissioners, nor (as the superstructure could not exist without the foundation) could they perform the duties of the office. It appears to me that the abolition of the office in those who held it by express appointment must also abolish it with those who held it incidentally, (ex officio.) There is no reason why it should not have that effect in this instance, but the contrary—the number of the latter was greater than of the former—and the probability was that those who had been appointed expressly to the office would be better qualified to discharge its duties than those who held it merely as an incident to another office in an inferior court. But the 8th section of the 14th article of the new

constitution expressly abolishes *both* offices after the first Monday of
July last. Of course all the provisions of the several statutes relative
to the powers and duties of those officers which were in existence at
the time of the adoption of the constitution were virtually repealed.
There could be no duties nor powers where there could be no officers
to perform them. The office of supreme court commissioner was not
revived in any shape by the new constitution. The convention was
induced to abolish it altogether probably from two considerations, first,
the great number of those officers which (notwithstanding the conceded
professional ability and worth of many of them) prevented any uni-
formity of practice; and secondly, the increased number and diversified
places of residence of the justices of the court, which would enable
them to perform the necessary duties at their own chambers. There
may be some inconvenience both to the judges and the profession from
confining those numerous duties to a number still quite limited, but
possibly the advantages resulting from a diminution of the number of
those chamber orders, many of which were very vexatious, and the
preservation of a much greater uniformity of practice, may compensate
for such inconvenience. *It is said that the argument from the abolition*
of the office proves too much, as the office of justice of the supreme
court was also abolished, and, from a parity of reasoning, the powers of
the office would not have devolved upon the justices of the existing
supreme court. Probably the legislature entertained that opinion, as
they deemed it necessary to provide expressly, as they have done by
the 16th section of the new judiciary act, that the new supreme court
should possess the same powers as were exercised by the late supreme
court, and that the new justices should also possess the same powers
and exercise the same jurisdiction which were possessed and exercised
by the justices of the former courts. Whether the constitution (Art. 6,
§ 3) by conferring *general jurisdiction in law and equity* upon the supreme
court did not render a portion of the provisions of the statute last quoted
a matter of supererogation, it is not necessary to inquire. It is suffi-
cient for me to say now, that if it was necessary to revive the powers
possessed by the justices of the late supreme court, that has been ex-
pressly done, and the new justices possess such powers if not by the
provisions of the new constitution, certainly by legislative enactment
in accordance with that instrument. The existing county judges hold a
new office, created by the constitution, and can only possess and exercise
the powers which it confers, or which have been granted by the legisla-
ture pursuant to its provisions. The constitution ordains (Art. 6, § 14)
that they shall hold the county courts, and perform the duties of the office

of surrogate, and with two justices hold the courts of sessions, and perform such other duties as may be required by law, and that the legislature may confer equity jurisdiction in special cases upon them. If any of the powers of the judges of the old county courts are conferred upon them, they were such only as related to holding the county courts and courts of sessions. There is no pretence that the constitution expressly or impliedly conferred upon them the powers of supreme court commissioners. If they possess such powers they must have been conferred upon them by the legislature subsequently to the adoption of the constitution. It is not to be lightly inferred that the legislature intended to revive an office which had been so lately abolished by the framers of our organic law. Had they intended to do that, their language should, and doubtless would have been clear and explicit. It is conceded that the judiciary act does not *in terms* confer the power in question, but it has been supposed that it has been granted by necessary implication.

It is said that to retain the jurisdiction of a supreme court commissioner it was not necessary to retain the office by that name, since the duties of it has long been devolved on another class of officers. I have already anticipated the answer to this position. The duties were devolved upon this class of officers, *as supreme court commissioners*, and besides this class of officers the court has itself been abolished. True, a provision was adopted for the election of a new officer with some similar power, but not all of them, and certainly not those now in question.

Again it is contended that supreme court commissioners, whether holding the office by direct appointment or ex officio, have long been officers of the supreme court, and that they are so treated in various statutes, provisions, and in the books of practice, and that the statutory provisions have not been expressly or in terms repealed. All that is true ; but surely it was competent for the framers of the constitution to abolish those officers of the court without referring to the particular statutes providing for their appointment or conferring their powers, and in my humble opinion they have done so. I do not deny but that the legislature has the power to devolve the duties formerly exercised by supreme court commissioners upon the county judges. But if they should do so, the grant should be (as is usually, and should not be universally, the case with officers not having general jurisdiction) clear and explicit. The 16th section of the judiciary act, which is supposed to grant this power, after conferring the powers at chambers of the justices of the former upon the justices of the existing supreme court, provided that " all laws relating to the (then) present supreme court and court of chancery, or any court held by any vice-chancellor, and the jurisdic-

tion, powers and duties of said court, the proceedings therein, *and the officers* thereof, their powers and duties, shall be applicable to the supreme court organized by this act, the powers and duties thereof, the proceedings therein, and *the officers* thereof, their powers and duties, so far *as the same can be applied and are consistent with the constitution* and the provisions of this act." This provision does not define who are meant by the terms " officers " of the supreme court organized by the act, but if it was intended to apply to them the provisions of the Revised Statutes, it contains a qualification that such statutes shall be applicable so far as they can be applied, *and are consistent with the constitution,* and the provisions of the act then passed. It is not pretended that the statute *revives* the office of supreme court commissioner, nor is it to be presumed that it was intended to have that effect. There is an express reference to the constitution, and it would have been absurd to make such reference when virtually acting in conflict with one of its provisions. The true meaning of this section is, that the provisions of former laws shall apply to such officers of this court as constitutionally retain their respective offices—not certainly to former officers no longer existing. The provisions of several sections in the 4th article of the judiciary act are also supposed to confer upon the county judges the powers in question. It is admitted that they do not confer such powers expressly, but it is contended that they do so by implication. This article is entitled " Of County and Surrogates Courts and powers of the County Judge." The fair inference from that is, that the provisions of that article were intended to apply to those courts and the appropriate functions of that officer as county judge ; not certainly to his duties as an officer of a court which forms the subject of a prior article. The 29th section provides that county judges in their respective counties shall have power to perform all the duties and do all the acts now required to be done and performed by the *judges of the county courts* when not holding county courts, or any one or more of them, at chambers or otherwise, so far as their acts and duties are consistent with the constitution and this act. The action of the county judges mentioned in this section is confined to their own counties. This was very proper if such action related to the county court—but it would not have been appropriate if it referred to the business of the supreme court. The only local statute limitation to the power of the supreme court commissioners was contained in the 29th section of the act relative to the powers and duties of certain judicial officers (2d R. S. 210) and that merely restricted them to cases where the attorney for the party applying resided within forty miles of the commissioner. The powers

conferred by the provision which I have last extracted are restricted by its terms to those possessed by the judges of the county courts as such. The provision nowhere grants such as were possessed by any of them as judges and counsellors in the supreme court—the two conjoined— nor can it with any propriety be extended to the powers which some of them formerly possessed while holding an office which no longer exists. The only other section in the 4th article of the judiciary act which is supposed to confer the power in question, is the 36th. By that section it is provided that county *courts* shall possess the same powers, and exercise the same jurisdiction, in all matters, suits and proceedings at law, and in equity, of which they may take cognizance, as are now possessed and exercised by the *courts* of common pleas of the same county, or the court of chancery, so far as shall be consistent with the constitution and the provisions of this act—and all laws relating to the present *courts* of common pleas and *courts* of chancery, the jurisdiction, powers and duties of said *courts*, the proceedings *therein*, and the officers *thereof*, and their powers and duties, shall be applicable to the county *courts* of the respective counties, their powers and duties, the proceeding *therein*, and the officers *thereof*, and their powers and duties, so far as the same can be applied, and are consistent with the constitution and the provisions of this act. The subject-matter of this section is designated in the margin under the head of "further powers, &c., of county courts," and the whole of it relates so exclusively to the business of those courts, that I am surprised that it should have been supposed to have conferred upon any of its officers the power to interfere in the business of the supreme court. The principal subject-matter of the section is the county courts—the allusion to the officers is merely incidental, and they are described as the officers *thereof*, and not as officers of another court. To suppose that this section, relating as it does to a particular court and its officers, and included under a head relating to such court, surrogates courts and the powers of the county judge, only, was intended to revive and continue an office in *another* court, such court forming the subject of another distinct section—which office, too, had been abolished, would be stretching the rules of construction beyond all reasonable bounds.

The question came before the supreme court, and was much discussed at the late general term in Albany. A motion was made to insert the title "county judge" after that of "a justice of the supreme court" in one of the rules relating to the duties to be performed at chambers. The motion failed by a tie vote, there being eleven justices for, and eleven against it. But another justice, who had heard the discussion, and who

13

happened to be absent at the moment when the vote was taken, came in immediately after the vote was announced, and on being asked, gave his opinion in the negative—so that there were twelve votes that the judges of the county court could not, to eleven that they could, lawfully exercise the power in question. No attempt was made to reconsider the vote at that time. But it is understood that at a meeting of the judges on the following week, when a less number was present, a general rule (the 11th of this court) was adopted, which looks the other way. I was not present when that rule was adopted, nor do I know whether it was intended to overrule the vote formerly taken. Probably it was not. Since the court adjourned, a case involving the same question came before one of my brethren, (Mr. Justice WILLARD) who decided that the county judges do possess, and can exercise the powers in question. I have perused his opinion with great attention, and with all the consideration due to so respectable an authority. But, with great deference to that learned judge, I retain the opinion which I expressed at the late July term, that inasmuch as the constitution has expressly abolished the office of supreme court commissioner without any reservation of its powers to those who held it incidentally—as the office of those who hold it incidentally was also abolished—and as neither the constitution nor any subsequent act of the legislature has either expressly or by fair inference conferred such powers upon the county judges, they cannot perform the duties of a justice of this court at chambers.