MATILDA H. FISKE, Respondent, *v.* NELSON BAILEY, Appellant.

Where a husband and wife live upon premises, the separate property or the latter, the former is not, in legal presumption, so in control thereof as to make him liable for injuries sustained by the careless leaving of a pit uncovered thereon. In order to make him jointly or severally responsible, some evidence must be given of his participation in the wrong, or of an obligation, upon his part, to obviate the cause.

Plaintiff's complaint alleged, in substance, that defendant was keeping a public boarding-house, and that she contracted with him for board and lodging; that, upon returning to the house after dark by the usual path, she fell into a cistern, which had been negligently left uncovered, and was injured. The answer denied the allegations of the complaint, and alleged that, at the time of the injury, plaintiff was unlawfully upon defendant's premises, etc. It appeared, upon the trial, that the premises had been deeded to defendant's wife, and that the bargain for board had been made by plaintiff with her, but it did not appear that the wife's grantor was seized or possessed of the premises, or that she entered claiming to hold under the deed. *Held*, that the ownership of the premises was not put in issue by the pleadings, but, on the contrary, the answer, by necessary implication, admitted defendant's title to the premises at the time of the injury, and that, therefore, an erroneous charge of the court, as to the liabilities of the husband in respect to property owned by the wife, could have done no injury and was no ground for reversal.

(Argued May 11, 1872; decided September term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial district, affirming a judgment in favor of plaintiff entered upon a verdict.

The plaintiff, in her complaint, alleged that in May, 1863, the defendant was "the keeper of a public boarding-house in the village of Yonkers," with whom she entered into an agreement for board and apartments, at a given price per week; that at the time a cistern for the reception of rain water had been constructed on the boarding-house premises, located in the usual pathway to the entrance of the house; that she was ignorant of its location, and, while returning after dark from her place of business to the house, and travel-

ing over the pathway leading to the entrance thereof, the cistern being carelessly left uncovered, she fell into it and sustained great injury and damage thereby.

The defendant denied each of the allegations of the complaint, and, as a further answer, alleged that, at the time of the alleged injuries, the plaintiff had entered and was unlawfully upon his premises, on which no right of way had been granted to her, and on and over which she had no license to go. On the trial, it appeared that the plaintiff entered into an agreement with the defendant's wife for board for a given price per week; and that at noon of the day after making the agreement she went to the boarding-house, where she was introdued to the defendant by his wife, the latter saying to the plaintiff that she had come there to board with them. On leaving the house after dinner she informed the defendant's wife that she would probably be out until eleven o'clock, to which the defendant's wife replied that she would wait for her. The evidence tended to show that the plaintiff, upon returning to the house after dark in the evening of the same day, went to the same door of the house out of which she passed after dinner, and, being unable to gain access to the house by that door, while passing upon a flagged path around the house to find another entrance, came to a place in the path where the flagging had been taken up, leaving the cistern uncovered, into which she fell, causing her the injuries complained of. The evidence, as to the care and negligence of the parties and the extent of the plaintiff's injuries, was conflicting. The plaintiff paid her board bill to the defendant's wife, and testified without objection in reference to the house at which she boarded; that the defendant lived there; that it was his house, and he occupied it. It appeared, also, that in August, 1856, one Coe and wife executed a deed of conveyance to the defendant's wife for the premises, upon which the house at which the plaintiff boarded was situated; and that it was duly recorded in November following. At the close of the evidence defendant moved for a nonsuit upon several grounds; and among them, in substance, that the

premises where the injury occurred was the property of the defendant's wife; that the contract to board was made with her; that she, and not the defendant, had control of the premises; and that no evidence was given that he had made or left open the cistern into which the plaintiff fell. The motion was denied, and the defendant excepted.

The court charged the jury that, notwithstanding the changes in the law in regard to the rights of married women, it did not alter the relation of the husband in the household where the husband and wife live together, and occupy together the same premises; that the law still assumes that the husband is the occupant of the premises; he is the head of the family, head of the domicile, and, consequently, has control of the premises and establishment, and is subject to the liability of the person who has such control; and that, in absence of any testimony to the contrary, they were to presume that the defendant, under the circumstances, was the occupant of the premises. The mere fact that the wife is the owner in fee of the premises does not rebut the presumption. The defendant excepted, and asked the court to instruct the jury that the evidence being express and uncontradicted that the defendant was not the owner of the premises, the presumption is that he did not construct the cistern; also, that the evidence being express and uncontradicted that the defendant was not the owner of the premises, he cannot be made liable without affirmative proof that he constructed the cistern. The court declined thus to charge, and the defendant excepted.

*F. N. Bangs* for the appellant. Negligence was clearly proved on the part of plaintiff, and she should have been non-suited. (*Steves* v. *Oswego, etc., R. R. Co.*, 18 N. Y., 422; *Carolus* v. *Mayor, etc.*, 6 Bosw., 15; *Wilson* v. *H. R. R. R. Co.*, 24 N. Y., 430; *Hance* v. *Cayuga, etc., R. R. Co.*, 26 id., 428.) When plaintiff left the route designated in the contract for entering the house, she did so at her own risk. (*Miller* v. *Bristol*, 12 Pick., 550; *Sarck* v. *Blackburn*, 4

Car. & P., 297; *Blackburn* v. *Simmons*, id., 138; *Munger* v. *Tonawanda R. R. Co.*, 5 Denio, 255; *Talmadge* v. *Rensselaer, etc., R. R. Co.*, 13 Barb., 493; *Newson* v. *N. Y. C. R. R. Co.*, 29 N. Y., 383.) Defendant, as the husband of Mrs. Bailey, was in no way liable to plaintiff under the contract. (Laws 1848, 307, ch. 200; Laws 1849, 528, ch. 375; Laws 1860, 157, 159, ch. 90, § 8; Laws 1862, 343, ch. 172, § 4; *Rowe* v. *Smith*, 45 N. Y., 230.)

*Andrew Blake* for the respondent. If defendant's wife owned the premises at the time of the accident, still defendant must be considered the occupant of the premises. (1 Black. Com. [Shars. ed.], 442, *n.* 31, 446; 2 Kent Com. [10th ed.], 138, 140, 142, 157, 196; Reeves Dom. Rel. [3d ed.], 162, 412.) The owner and occupant of the premises on which an accident occurs are jointly and severally liable. (2 Denio, 445; 5 id., 266; 1 Duer, 583; *Davenport* v. *Ruckman*, 37 N. Y., 568, 574; *Creed* v. *Hartman*, 29 id., 592.) Plaintiff had a right to take the route she did. (*Creed* v. *Hartman*, 29 N. Y., 592; *Driscoll* v. *N. & R. L. C. Co.*, 37 id., 637.)

GRAY, C. I do not concur in the doctrine substantially announced by the learned judge at circuit, that where the husband and wife are domiciled upon premises, the separate and exclusive property of the wife, that the husband is in legal presumption so in control of the premises as to make him responsible to a party, who enters thereon by permission of his wife, for injuries sustained by the careless leaving a pit thereon to remain uncovered. In such a case the wife alone would be responsible. (*Rowe* v. *Smith*, 45 N. Y., 230, 233.) To make the husband jointly or separately responsible, some evidence should be given of his participation in the wrong; or his obligation to have obviated the cause which produced the injury; all of which was clearly established in this case. The pleadings do not put in issue the ownership of the house and premises occupied by the defendant and his wife. The

allegation in the complaint is that the defendant was the keeper of a *public* boarding-house in the village of Yonkers. The answer denies that he was a keeper of a *public* boarding-house in that village. The complaint and answer may each have been true, and yet the defendant may have been the owner of the house and premises upon which he with his wife resided; and the answer may have been true, and yet the defendant may have been the keeper of a private boarding-house under the charge and superintendence of his wife. It was not shown that Coe and wife, who in 1857 executed a deed of conveyance to the defendant's wife, were, or either of them, ever seized or possessed of the premises, or that the defendant's wife ever entered into possession thereof, claiming to hold under that deed. But concede that the deed vested in her at its date a separate title in fee, it is by no means inconsistent with one of the defences set up by the defendants in 1864, viz.: that at the time of the alleged injuries, in 1863, the plaintiff had entered and was unlawfully on a part of his premises on which no right of way had been given her, thus, by necessary implication, admitting that the premises were his at the time of the injuries complained of. He knew best to whom the premises belonged, and the jury had no right to find against his admission upon the record.

The remaining questions, as to the right of the plaintiff, under the circumstances, to be upon that part of the premises where the injury occurred; the negligence of the defendant in permitting the cistern to remain uncovered, and whether the plaintiff, without fault on her part, fell into it, and the consequences, were each questions, which, under the evidence, should have been and were properly submitted to the jury, and hence the judgment should be affirmed.

All concur.

Judgment affirmed.