## FERDINAND DANGEL ET AL., Respondents, v. DAVIS LEVY ET AL., Appellants.

RECORD ON APPEAL.—The record on an appeal to this court ought not to be incumbered with useless repetitions.

ERRORS WHICH DO NOT PREJUDICE.—For errors and defects in the pleadings and proceedings, which do not affect the substantial rights of the party complaining, a judgment will not be reversed.

BOND—LIABILITY.—The affixing of the sum of one thousand dollars between the signature and the seal of the obligor to a bond, the penalty of which is two thousand dollars, will not have the effect to limit his liability to one thousand dollars.

UNDERTAKING FOR INJUNCTION—JUSTIFICATION OF SURETIES.—Under our statute in a bond or undertaking for an injunction for two thousand dollars or less, a surety can not justify in a sum less than that named as a penalty in the bond or undertaking.

UNDERTAKING—ALTERATION OF—FRAUD.—When, in an undertaking for two thousand dollars, the figures one thousand dollars entered between the signature and seal of one of the sureties, were erased after it was signed by him; this was no fraud upon any other surety who signed the undertaking after the erasure.

UNDERTAKING FOR INJUNCTION—ERASURE IN.—Where an undertaking for an injunction was executed and delivered after an erasure had been made, it can not be presumed that the obligee was a party to such alteration or erasure.

INSTRUCTIONS.—The relevancy of instructions is to be determined by the evidence in the case.

Appeal from the second judicial district, Ada county.

*Alanson Smith and Albert Heed,* for the appellants.

*Brumback & Cahalan,* for the respondents.

Hollister, C. J., delivered the opinion; Clark, and Prickett, JJ., concurring.

This suit was instituted in the district court of Ada county by the respondent against the appellant, Margaret Ray and J. C. Sims, on a joint and several injunction bond executed by them, in the penal sum of two thousand dollars, in which a judgment was obtained against the appellant on the twenty-sixth day of March, 1877, for two thousand dollars and costs, there having been no service of summons upon the other defendants. From the judgment and from the order refusing a new trial, the case is brought here by appeal.

There are numerous errors assigned, for which the appellant claims that the judgment should be reversed, which we will proceed to notice in their proper order: 1. In overruling the demurrer to the complaint. 2. In holding that the complaint stated facts sufficient to constitute a cause of action. The latter specification is subdivided as follows:

1. Because there is no sufficient allegation in said complaint of plaintiff's ownership of the property alleged to have been received by the sheriff and converted to the use of the defendant Margaret Ray, and for other purposes.

2. Because there is no allegation of the insolvency of the defendant Margaret Ray, and nothing to show that plaintiff Dangel might not have recovered the value of the property so seized by the sheriff by bringing his suit therefor, after the removal of the prohibition of said plaintiff to bring his suit, by the final dissolution of the injunction.

3. Because the said plaintiff has not exhausted the remedies required to be applied before the defendant Levy could be made legally answerable upon the bond in suit.

4. Because said defendant Levy's liability as a co-surety on said bond could not attach, if at all, which is not conceded, until it was either averred or alleged in said com-

plaint, that defendant Margaret Ray, who appears as principal in said bond set forth in plaintiff's complaint, was unable to respond in damages.

5. Because two causes of action were improperly united.

As these objections will go to the foundation of the action, we will proceed to consider them in the order in which they are taken.

First, that there is no sufficient allegation, etc. After stating the execution of the bond by the obligors, the determination of the injunction suit, and the judgment of the district court that the plaintiff Margaret Ray was not entitled to the injunction, the complaint alleges that plaintiff was damaged by the injunction in the sum of two thousand dollars, as follows: cash paid J. Brumback, attorney for plaintiff in the injunction suit, three hundred dollars; cash paid F. E. Ensign, attorney for plaintiff, in the sum of two hundred dollars; cattle sold by Margaret Ray after the service of the injunction, of the value of six hundred and sixty-five dollars, and cattle sold by William Bryon after the service of the injunction, of the value of eight hundred and thirty-five dollars, and interest on the cattle sold, two hundred dollars. It may be conceded, so far as the question thus presented is concerned, that there is no sufficient allegation of property in the cattle, in the complaint, to entitle the plaintiff to a recovery of their value; but as the plaintiff is entitled to his action for the recovery of the fees paid by him to his attorneys in the injunction suit, and which were properly alleged in the complaint, the demurrer going to the whole cause of action and not to that portion of it, it was properly overruled. Had the defendant wished to take advantage of the defect complained of, he should have demurred to the complaint because it was ambiguous or uncertain in that respect. Had this been done, the court could have required the plaintiff to amend the complaint, or precluded him from offering any proof as to the cattle.

The second reason assigned under this head is not tenable. The condition of the bond sued on, was that Margaret Ray as principal, and J. C. Sims and D. Levy as sureties,

do jointly and severally undertake, etc., that in case the said injunction shall issue, the said plaintiff, Margaret Ray, will pay to the said Ferdinand Dangel, enjoined such damages not exceeding two thousand dollars, as such party may sustain by reason of the said injunction, if the district court finally decide that the plaintiff was not entitled thereto. The obligation to answer in damages, by the sureties on the bond, was not made to depend upon the insolvency of the principal, but it became absolute by the terms of the undertaking, when the court in which the injunction suit was pending should finally decide that the plaintiff was not entitled to the injunction.

If the principal should pay the damages, the sureties would of course be relieved from liability, but a suit against a principal is not necessary to determine the liability of the sureties.

The obligee is at liberty to bring his suit against the principal, but he is not obliged to do so, with a view to determine her insolvency, before proceeding against either of the sureties. Nor is the fact that the plaintiff could have brought suit to recover the property or the value thereof against the sheriff or other persons holding it after the prohibition was removed a sufficient ground of objection to the action. The plaintiff had his election to bring his suit for the recovery of the property or its value, against any one who had converted it to his use, after the prohibition was removed, or on the bond, and having chosen the latter, it does not lie in the mouth of the defendant to complain.

The third and fourth reasons come within the same principle. It is further claimed that the complaint is bad, because the plaintiff united two causes of action, to wit: a claim for the amount paid Brumback, and the amount paid Ensign, in the same action. It seems hardly necessary to say that the amount paid to these two attorneys, being for fees in the injunction suit, constituted but one cause of action, and was recoverable as part of the damages sustained by the injunction.

The third specification of errors is as follows: The court erred in overruling said demurrer, on the various grounds

therein set up, other than those specifically above enumer-
ated—reference to said demurrer being had, will more
fully and at length appear—especially, that the complaint
is ambiguous, unintelligible, and uncertain, and that there
is a misjoinder of parties defendant.

We have disposed of the questions arising upon two of
the grounds of demurrer, to wit, that several causes of
action are improperly united, and that the complaint does
not state facts sufficient to constitute a cause of action, and
it only remains to notice, under this specification, the remain-
ing grounds of objection set up by the demurrer.   The first
is that the complaint is ambiguous, unintelligible, and un-
certain in this: plaintiff avers that defendants made and
filed their bond in suit, and in charging defendants for
cattle sold by Wm. Bryon.   As it was proper for the plaint-
iff to sue on the injunction bond and allege as a portion of
the damages for the breach thereof, that Bryon sold cattle
that he was restrained from recovering by the injunction,
and as the plaintiff has done this, though in not very apt
terms, it must be confessed, it is difficult to see that the
complaint was objectionable on this point.   The demurrer,
we think, on this ground, was quite as ambiguous and unin-
telligible as the complaint, and failed to point out very
clearly any proper reason for the objection.

The second is, that there was a misjoinder of parties de-
fendant.   This general statement, under the old rules of
pleading, would be bad; for it is in substance a plea in
abatement, and such plea must be so pleaded as to enable
the plaintiff, in a subsequent suit for the same cause, to sup-
ply the defect or avoid the mistake upon which the plea is
founded, or, in other words, it must be so framed as to
give the plaintiff a better suit.   Under our statute, there is
no ground for any such objection.   The second clause of
section 32, chapter 33, of the civil practice act, page 86, is
as follows: If the action be against defendants, severally
liable, he (the plaintiff) may proceed against the defendants
'served, in the same manner as if they were the only defend-
ants.   This the plaintiff has done, and we can not see that
the complaint was defective in this respect.

The fourth error complained of is, that the verdict is against the evidence in this, that the evidence shows no damage beyond the amount of about and near the sum of one thousand five hundred dollars.   We have gone carefully through the testimony, and find that it shows that the property sold by the sheriff was worth, at least, eight hundred and five dollars; one cow, sold to Diesenroth, forty-five dollars; cattle, sold to Jenkins, two hundred and eighty-nine dollars; one cow, sold to Jackson, thirty dollars; two cows, sold to Davis, one hundred dollars; two cows, sold to Robbins, one hundred dollars; fees paid to Brumback & Ensign, five hundred dollars; total, one thousand eight hundred and sixty-nine dollars.   To this is to be added the interest thereon from some time in June, 1873, which will bring the damages up to more than the jury awarded to the plaintiff.

The fifth error assigned is, that the verdict is against the evidence in the case, and insufficient to justify the verdict in this: 1. There was no sufficient evidence of a demand for the property alleged to have been converted.   It is sufficient to say on this point that the action is upon the bond, and not an action for the recovery of the property. There is no obligation imposed upon the plaintiff to sue for the property, and as a consequence he was not put to his demand before bringing his suit upon the bond.   Even were it otherwise, and had such suit been brought, no demand would have been necessary, for the possession of it by Mrs. Ray and the sheriff was tortious *ab initio* as against Dangel.

2. There was no sufficient evidence of the execution of the bond sued on on the part of the defendant D. Levy. The answer to this is, there was no denial in Levy's answer of its execution.   The defendant says it was never fully executed, and then proceeds to show that he was induced to sign the bond by fraudulent representations, but by whom made it does not appear.

3. There was no evidence showing that plaintiff could not have recovered the amount sued for, or that it could not have been collected of Margaret Ray, defendant, who, as

principal on the bond, was first liable. This question has been disposed of in the consideration given to the second specification of the second error assigned, *supra.*

4. Because the evidence shows that the plaintiff Dangel could have no title to the property in dispute, because a judgment unreversed was proven, where the title to said property was found in said defendant, Margaret Ray, at the commencement of this suit, and is still in her. On an appeal to this court from the judgment of the district court in the case of *Margaret Ray* v. *Henry T. Ray and Ferdinand Dangel,* which was brought to carry into effect the decree of the district court in the divorce suit of *Margaret Ray* v. *Henry T. Ray,* in which it was adjudged that the property in controversy was not in Dangel, or rather was in Ray and wife, this court decided that such decree was void so far as it affected the right of Dangel to the property, because he was not a party to the proceedings in the divorce suit. The fact that he took an appeal to this court from the judgment of the district court in this case did not have the effect to keep the title to the property adjudged to her in the divorce suit in Margaret Ray, until the decision in this court was had.

The judgment in this court was that she never had any title to it under the decree in the divorce suit as against Dangel, and as a consequence, she could assert none under it as against Dangel at any time. Dangel, instead of appealing the case, could have proceeded at once against her for the recovery of the cattle, and was about to do so, but was restrained by the district court. In such a proceeding the judgment of the district court in the divorce suit could not have been pleaded in bar of the action, for it was a mere nullity, and would have been so regarded had it been set up as a defense.

5. Because the evidence on the face of the bond tended to show a fraud against the defendant Levy, and the verdict is against the evidence.

It is claimed that between the signature of J. C. Sims on the bond and the seal affixed to it, there had been an erasure of the figures $1000, after Sims had signed it,

and that by reason thereof, such a fraud had been perpetrated as to render the bond void as to the defendant Levy. The bond, as has been observed, was a joint and several bond, the penalty of which was two thousand dollars.

The statute finds that on granting an injunction, the court or judge shall require, except where the people of the territory are a party plaintiff with sufficient sureties, to the effect that the plaintiff will pay to the party enjoined such damage, not exceeding an amount to be specified, as such party may sustain by reason of the injunction, if the court finally decide that the plaintiff was not entitled thereto. Upon an inspection of the bond there seemed to have been something erased at the place indicated, but what had been erased, by whom erased, and at what time, there was nothing to show. Conceding, however, that these figures had been placed there before Sims signed the bond, and had been subsequently erased, we can not conceive that this could possibly have changed the legal effect of the bond, or limited the liability of Sims to one thousand dollars. The execution of the bond being shown, the court could only look to the body of it to determine its legal character. If the bond was signed by Sims, the mere affixing these figures to his signature could not lessen his liability, because it was fixed by the terms of the bond.

The sixth, seventh, eighth, and ninth specifications under this head, to wit, that the verdict is against the evidence; that there was not sufficient evidence of the value of the property, beyond the sum of one thousand five hundred dollars; that there was not sufficient evidence to show that plaintiff was entitled to recover; and that the verdict is against the weight of evidence, have been heretofore considered, and need no further answer.

The sixth assignment of error, that is, that the court erred in overruling defendant's motion for a new trial, because, first, there was no sufficient proof of the execution of the bond by the defendant Levy, has been already considered.

The second ground of error under this assignment, to wit, because a fraud, and the facts constituting the same,

were distinctly set out and alleged in the answer of Levy, in the procuring of his signature to the same, by which he was deceived and suffered injury, brings under consideration the answer of the defendant Levy on this point. It is as follows: That this defendant, for his further answer, avers that said undertaking was never fully executed, for that he only agreed to become surety, together with some other responsible person or persons that could justify to the full amount of two thousand dollars; that this defendant is informed and believes that the said defendant, J. C. Sims, never did justify to the sum of two thousand dollars, or in any other or greater sum than one thousand dollars, and that it was expressly understood and agreed that the said J. C. Sims could not and would not justify to more than that sum, to wit, one thousand dollars. That said undertaking was never executed in accordance with the understanding and agreement. That said justification of the said Sims was procured through mistake and fraud and misrepresentation, all of which was without the knowledge or consent of this defendant, etc.

Laying out of view entirely the question whether the facts above pleaded might be set up by way of defense, by Sims himself, in a suit brought against him upon the undertaking, we are clearly of the opinion that the answer does not show fraud against Levy. It is to be observed that injunction bonds are procured by the plaintiff in injunction suits, and not by the defendant. He has no agency in the matter, and is merely a passive instrument in the hands of the law, and is obliged to accept the bond when properly executed and approved by the judge. In this sense, he in no wise became a party to the fraud, and can not be held responsible for any false representations not made by himself, by which a party is induced to sign the bond. If, as is claimed, Sims did not justify in a greater sum than one thousand dollars, it is not pretended that the plaintiff knew this fact, or did anything to deceive the defendant. Upon the face of the bond, and by the certificate of the justice of the peace who took Sims' justification, it appears that he became responsible for the full sum of two thousand dol-

lars. It is admitted by the defendant that he signed the bond after the pretended erasure was made, and with full knowledge of the fact, and he can not be permitted now to plead that he was deceived or defrauded thereby.

But the presumption is, that if any erasure was made, it was done with the full knowledge of Sims and the defendant, and with their consent, before the bond was submitted to the judge for his approval, and filed in the case. In all undertakings where sureties are required, where the penal sum does not exceed two thousand dollars, the sureties can not justify in a less sum than the penalty, and it must follow, that if the bond had been presented for approval, with the limited liability claimed for Sims, the judge would have required the restrictive clause to be stricken out as not conforming to the requirements of the statute.

The conclusive answer to the objection is, as has been already seen, that it was an immaterial alteration, and did not affect the validity of the bond as to any of the parties to it. This we believe disposes of all the objections raised in the assignment of errors, under this head, except those arising from the instructions given and refused, to which exceptions were taken.

It is alleged that the court erred in giving instructions 1, 2, 3, 4, and 5, for the plaintiff, but as the defendant has only taken exceptions to the first and second, these only will be considered. The first is as follows: Dangel is not affected in his rights by any process issued in the suit of *Margaret Ray* v. *Henry T. Ray*. He could not be made a party, by proceeding subsequent to judgment. The meaning of this instruction is somewhat obscure, but it in effect charged the jury, that the plaintiff could not be bound by the judgment or decree in the divorce suit of *Ray* v. *Ray*, which adjudged the property in controversy to be in Ray and wife, against the plaintiff, by a suit brought subsequently, to validate and enforce the decree in the divorce suit, in which he was not a party. There was no error in giving this instruction, for it can not be pretended that the plaintiff was or could be precluded from asserting his right to the cattle in controversy, by any judgment rendered in a

suit to which he was not a party. Nor could his title thereto be adjudged in such suit to be in Margaret Ray and Henry T. Ray as against him.

The second instruction, to wit, if the plaintiff, Dangel, was the owner of the cattle seized by the sheriff of Ada county, and was not a party to the suit of *Margaret Ray* v. *Henry T. Ray,* he is entitled to recover the value of all cattle sold either by the sheriff of Ada county or Mrs. Ray, subsequent to the issuing and service of the injunction in the case of *Margaret Ray* v. *F. Dangel and Henry T. Ray,* excepting such as he may have subsequently obtained possession of without purchasing them, is fully sustained by the evidence in the case. It may be conceded for the purpose of this instruction, that the complaint did not allege property in the cattle sold to be in the plaintiff, but the defendant treated this question as an issue, and suffered the plaintiff, without objection, to introduce evidence of his title thereto and the value thereof, and it is too late to raise such objection, for the first time in this court, the evidence having gone to the jury; it was proper to instruct them as to the law applicable thereto. Indeed, it would have been erroneous to have refused to charge upon a question raised by the evidence. (See *Fisk* v. *Bailey,* 51 N. Y. 150; *Comstock* v. *Doyle,* 3 How. Pr. 97.)

It is urged that there was error in refusing defendant's fifth instruction, which is as follows: The plaintiff is not entitled to recover in this action for the cattle, if any, that returned to plaintiff Dangel and were retained by him, even if they had been driven away and sold, for he is only entitled to recover for actual loss and damage during the existence of the injunction.

As the plaintiff's second instruction covers the same point, it was unnecessary to repeat it, and there was no error in refusing it. The sixth instruction asked by the defendant and refused by the court is as follows: The bill of sale from Henry T. Ray to Ferdinand Dangel is only *prima facie* evidence of title, and at most conveys to the purchaser such right and title as the vendor then had to the property con-

veyed by such bill of sale. The refusal to give this instruction, the defendant claims was erroneous.

Aside from the evidence of title contained in the bill of sale, the proof shows that the property sold by the sheriff, for the recovery of the value of which this suit is brought, was levied on as the property of Henry T. Ray, in the suit of *Margeret Ray* v. *Henry T. Ray*, and at the instance of the former to satisfy her costs in that suit. She treated it as his property, and under the decree of the court in that suit it was set apart to him as his share of the common property of himself and wife; but, as to the title to her share of the property, which she took by the decree of the court in the divorce suit, in addition to the bill of sale, the proof shows that her title under that decree was not valid, but that it was in Dangel, and so adjudged by this court in recovering the judgment of the district court, in the case of *Ray* v. *Dangel and Ray*, already referred to. That question was *res judicata*, and was no longer an open one for the consideration of the jury, and it was properly withheld from them.

The defendant's seventh instruction, which was refused, is as follows: But if the jury believe from the evidence that the title to the property in such bill of sale described, was after the execution and delivery of such bill of sale, and the property therein set forth and described, to said plaintiff Dangel by said Ray, futher adjudicated and determined by the final judgment of the court in the divorce suit of *Margaret Ray* v. *Henry T. Ray*, and that such remains unrepealed and unrecovered, then the title by such judgment is superior to the title by such bill of sale, and must prevail, and in such case the jury will find for the defendant. There was no error in refusing this instruction. In the first place it places the plaintiff's right to recover entirely on the question of his ownership of the property in controversy, whereas he has a right of action for the recovery of the fees paid by him to his attorneys in the injunction suit, and that it is well brought for such purpose.

In the next place the instruction is based upon the legal conclusion that the judgment awarding Margaret Ray the

property, in a suit in which Dangel was not a party, was not void as to him, but only voidable on an appeal therefrom and a reversal thereof. This court has already determined, in the case of *Ray* v. *Ray and Dangel*, that such judgment was absolutely void, as to the plaintiff, and such we now hold was the case. It was not necessary that any appeal should be taken to determine that question, but that Dangel might treat it as a nullity and not binding upon him.

The defendant's eighth instruction embraces the same principle of law, and was properly refused.

The defendant's ninth instruction, which was refused, is as follows: The order made by Judge Noggle, extending the time of the process issued in the divorce suit of *Ray* v. *Ray*, was void and without authority of law, and any damages caused thereafter, by reason of the said order, to Dangel, can not be recovered in this action. Without stopping to consider the question whether the judge had authority to extend the life of the process, it is a sufficient answer to this objection to say that the order extending the time, by which the plaintiff sought to show his title to the property, and his damages in part, was admitted in evidence without objection from the defendant, and treated by him as legitimate evidence, and he could not thereafter be permitted to destroy its effect by the instruction asked for. Had he deemed it inadmissible, he should have objected to its introduction, or had it been inadvertently admitted, he should have moved to strike out, and if the rulings of the court had been against him, should have taken his exceptions in due form.

The tenth instruction covers substantially the same grounds, and for the same reasons was properly refused.

The eleventh instruction is as follows: If the jury believe from the evidence, that the cattle sold by Mrs. Ray were delivered to her by virtue of process issued in the divorce suit, and that they were the cattle decreed to her in that action, then the plaintiff can not recover therefor, nor the value thereof. It is unnecessary to repeat what has already been said, that Mrs. Ray took no title to the cattle mentioned by the decree of the court in the divorce suit as against Dangel.

No. 12, to wit, if the jury believe from the evidence that the plaintiff had the same remedy to sue for and recover the cattle, after the injunction was dissolved, that he had at the time of its issuing, then he is not entitled to recover, was properly refused for these reasons: 1. It places the plaintiff's entire right to recover on the ground, that if he had no right of action for the recovery of the value of the cattle, he could not sue for the recovery of the fees paid his attorneys in the injunction suit. 2. It requires the court to charge the jury, that they may determine whether the plaintiff had the legal right to sue for the cattle, as a question of fact, whereas it is purely a question of law for the court; and 3. It denies to plaintiff the right to elect in the choice of his remedies, by action on the bond or for the recovery of the cattle or the value thereof.

Nos. 13, 14, 15, and 16 all go to one point, and may be considered together.

No. 13 is as follows: If the jury believe from the evidence that the defendant, Levy, was induced to sign the bond in suit with the express understanding that one other good and responsible surety was to sign with him as a co-surety, and that by a fraud upon him and by a deception the co-surety that appears upon said bond did not justify to the full amount of the said bond, but that through mistake of the justice of the peace, the bond shows that said J. C. Sims did regularly justify to said full amount of two thousand dollars, but that he did not do so, the plaintiff can not recover in this action. It is sufficient to say, in answer to this objection, that there was no evidence in the case, to support either of these instructions, and besides, the alteration claimed to have been made was not a material alteration, and did not effect the liability of the defendant.

Nos. 17 and 18 require the court to charge the jury that the plaintiff can not recover in this action for damages caused by the act of the sheriff in obeying the final process of the court, issued in the case of *Ray* v. *Ray*, to carry out the decree of the court in said cause.

The reasons for upholding the court in the refusal to so charge the jury, have been repeatedly given in the preced-

ing portions of this opinion, and they need no further elucidation.

The only errors assigned by the appellant not already considered, which are deemed important to notice, are founded upon the refusal to admit the testimony of A. Martin, J. C. Sims, and A. Heed, offered by the defendant touching the alleged alteration of the bond, and to the conditions upon which, it was claimed, defendant Levy only agreed to execute it, and also to the decision of the court, permitting the bond to be inspected by the jury, and in giving it in evidence to the jury. The witness, Martin, testified that he recognized the instrument, and that he took the justification of Sims, whose signature appeared to it.

The plaintiff formally objected to any evidence of or concerning the signature of the said Sims, or of said erasure, or of any alteration of said bond. The counsel for the defendant admitted that no change or alteration had been made in the bond since it was signed by defendant Levy. Whereupon the defendant's counsel offered the following propositions:

1. We propose to show by this witness (Martin), that Mr. Sims, when he signed this bond and made his justification thereto, that he, Sims, expressly three times distinctly limited his liability to one thousand dollars, and stated at the time that he could not justify to more than one thousand dollars, that the one thousand dollars was placed on the bond at the time between the signature of the said Sims and the seal. This erasure was before the execution of the bond by the defendant Levy. 2. We propose to show further by this witness that the bond has been altered since said justification of Sims was made, and since said bond left the hands of said witness Martin.

The court overruled both propositions.

The following question was then propounded to this witness: Has this bond been altered since it left your hands when the justification of Sims was taken by you? This question was objected to and the objection sustained.

The defendant's counsel then called J. C. Sims, to whom the following questions were put: To what amount did

you justify? and Has that bond been altered by erasure since you signed it; if so, what has been erased? To both of which the plaintiff's counsel objected, and the objection was sustained.

A. Heed was then called as a witness for defendant, who was asked: Did you in the presence of Mrs. Ray have any conversation with defendant Levy before he signed the bond in suit, and did he not limit his liability upon said bond by the condition that another good and sufficient surety equal in amount and value to himself in the sum of two thousand dollars should be procured to go upon the bond with him? This question was objected to by plaintiff, and the objection sustained.

The plaintiff then offered the bond in suit in evidence, which was objected to by the defendant, and the objection overruled, and the bond was read to the jury.

It is not necessary to consider at length the questions raised upon these rulings of the court, for they have been pretty fully discussed already, but it may be well to say, that no presumption can be derived from the proposed testimony, that the plaintiff erased, or caused to be erased, the figures which it is claimed attached to Sims' name, and for this reason, that if done at all, it was done before the execution of the bond by Levy, and of course before it came into the hands of the plaintiff, as is shown by the defendant's own admission.

As the introduction of the bond in evidence was necessary to establish the plaintiff's case, and as its execution was not denied in the answer, there was no error in letting it go to the jury. There have been many points raised in the case by the assignment of errors, which in their essential features are the same as have been already discussed. This has made the duty of examining them very laborious, and as it was unnecessary to the defendant's case, we can not refrain from expressing our disapproval of the practice of incumbering a record with needless repetitions.

There have been many errors and defects in the pleadings and proceedings in the various stages of the case, but we can not say that they affect the substantial rights of the

party complaining. When such appears to be the case, we must hold under the statute, that the judgment, for this reason, should not be reversed.

After a patient and most thorough examination of the questions involved, we are constrained to hold that there was no error in the judgment of the court below, or in the order overruling the motion for a new trial, and that both must be affirmed at appellant's cost.