SAMUEL DECKER, RESPONDENT, *v.* CHARLES R. DECKER AND OTHERS, APPELLANTS.

*One working a farm on shares — cannot maintain trespass quære clausum fregit.*

One in possession of a farm under an agreement with the owner to work it on shares, for a single crop, cannot maintain an action of trespass against another for breaking and entering the close.

APPEAL from a judgment of the County Court of Columbia county, in favor of the plaintiff, entered upon the verdict of a jury. The action was originally commenced in a Justice's Court to recover damages for an alleged wrongful entry upon the plaintiff's premises, and for taking and carrying away a hog.

*S. F. Avery* and *Newkirk & Chase*, for the appellants.

*R. E. Andrews*, for the respondent.

BOCKES, J. :

This case was sent back for retrial on the former appeal on a very palpable point of error, not at all involving the merits of the case, as now presented on this appeal. The court had ruled in effect, that even if the hog was the property of the defendants, still having been taken by them from the plaintiff's possession by force, the latter might recover against the former its value. This was holding in substance that the plaintiff, who was not the owner, might recover against the defendants, who were the owners, the value of the property, there being no question of pledge or bailment in the case. The judgment was reversed on this sole point. The case comes now before us on other and different questions.

The complaint is framed in a double aspect, to wit : Trespass *quœre clausum fregit*, and trespass *de bonis*. The proof showed that the plaintiff was in occupation of a farm as cropper, working the premises on shares for a single year, under an agreement with Simon Decker (the owner) made with his sons, the defendants, Charles R. and Jacob H. Decker, who acted for Simon (the owner) in that regard ; that in September, during the plaintiff's occupation, which commenced the preceding April, the defendants came upon the premises and forcibly took and carried away one hog ; this animal, the defendants Charles R. and Jacob H. Decker, claimed as their own property ; whereas, as the plaintiff's counsel now insists in his points, and according to the testimony of the plaintiff himself, the plaintiff and defendant Charles H. were joint-owners and tenants-in-common of it. It also appeared that Simon, the owner of the farm, died in July during the plaintiff's occupation, leaving the plaintiff's wife and said Charles R. and Jacob H. Decker, his heirs-at-law. On the trial in the court below, it was held and decided that the plaintiff was not entitled to recover for the hog ; but that he might recover for the forcible and unlawful entry upon the premises — that is, that he could not recover in trespass *de bonis* for the hog, but might recover for the forcible entry upon the real property.

In this ruling there was manifest error ; inasmuch as the plaintiff had no such possession of the premises as would entitle him to maintain trespass *quœre clausum fregit* against the defendants, the heirs-at-law of Simon, deceased, the owner, with whom the agreement with the plaintiff as cropper was made. It was decided in the early case of *Bradish* v. *Schenck* (8 John., 151) that the letting of land upon shares, if for a single crop, was no lease of the land, and that the owner alone must bring trespass for breaking the close. This subject has been much discussed in the courts of this State since the decision above cited was made, but the rule there declared has been uniformly followed in subsequent cases, and has been quite recently re-affirmed in the Court of Appeals in *Taylor* v. *Bradley* (39 N. Y., 129); and in *Harris* v. *Frink* (49 id., 24); see, also, *Putnam* v. *Wise* (1 Hill, 243); *Haywood* v. *Miller* (3 id., 90); *The People* v. *Fields* (1 Lans., 222).

In *Harris* v. *Frink* (above cited), Judge RAPALLO says :

" An agreement to allow one to work land on shares for a single crop is no lease of the land, but the parties to such an agreement become tenants-in-common of the crop. They acquire a joint property in the growing crop, and may unite in an action of trespass *de bonis* for cutting and carrying it away ; while in such a case the owner of the land alone can bring trespass for breaking the close." The question as it would seem is not an open one ; it is conclusively settled by numerous decisions. There was in this case no reservation or agreement for the payment of rent or of any property in the nature of rent. The agreement as sworn to by the plaintiff will admit of no such construction. It was a simple agreement to work the farm on shares for one year ; nor did the fact that the defendants entered willfully and forcibly give the plaintiff any claim for damages for such entry. If violently and forcibly made against the plaintiff's resistance, an action or complaint for an assault and battery, or for a breach of the peace, might lie, but not trespass *quære clausum fregit* for breaking the close, especially against the owner, nor was the plaintiff's case at all improved, as regards a right in him to maintain trespass, because his wife was one of the heirs-at-law of Simon, deceased. On the decease of Simon intestate, his heirs at-law became seized as tenants-in-common of his real property by descent, and it is a well-settled rule that one tenant-in-common cannot maintain an action against his co-tenant for trespass to the joint estate. Nor would the right of possession of the plaintiff's wife, as co-tenant with the other heirs-at-law of her father, give to the plaintiff a possession on which he could base a cause of action in trespass. According to the evidence he remained and continued in occupation of the farm under the original agreement, made with Simon Decker, to work it on shares. In so far as the plaintiff's wife had any legal title or right of possession growing out of her father's decease, for anything that appears, the title and right of possession remained in her. (*Fiske* v. *Bailey*, 51 N. Y., 150; *Porter* v. *McGrath*, 41 N. Y. Superior C. [9 Jones & Spencer], 84; *Rowe* v. *Smith*, 45 N. Y., 230.) As the case is presented on this appeal the plaintiff showed no right of action against the defendants for breaking and entering the close ; and it may be here remarked, that if the case shall remain the same on the facts

as to the hog there can be no recovery by reason of the taking of the animal by Charles R. Decker and those acting under him and by his authority; for if it be true, as the plaintiff's counsel admits, that the animal was owned by the plaintiff and Charles, jointly, as tenants-in-common, then it is also well-settled that one tenant-in-common of personal property cannot have an action against his co-tenant for taking it.    One has as much right to take and hold the property so owned as has the other.    But it is better not to anticipate a case.    The court below held, and correctly held, on the proof submitted, that the plaintiff could not recover for the hog. The conclusion above reached leads necessarily to the reversal of the judgment and order appealed from.

Judgment and order reversed; new trial ordered, costs to abide the event.

LEARNED, P. J., and BOARDMAN. J., concurred.

Judgment and order reversed; new trial granted, costs to abide event.