Nov. Term,
1859.

SYMMES
v.
BROWN.

(1) Touching what constitutes the delivery of a deed, counsel cited *The Commercial Bank* v. *Reckless*, 1 Halst. 430, 650; *Shirley's lessee* v. *Ayres*, 14 Ohio R. 307, 310; *Lloyd's lessee* v. *Giddings*, 7 Ham. 50; *Stewart* v. *Reddit*, 3 Md. R. 67; *Hughes* v. *Easten*, 4 J. J. Marsh. 572; *Parker* v. *Dunstan*, 2 Fost. 424; *Rosevelt* v. *Carson*, 6 Barb. 190; *Hale* v. *Hills*, 8 Conn. R. 39; *Jones* v. *Bush*, 4 Harring. 1.

(2) Counsel cited authority as follows:

The plaintiff, *J. Froman*, having only an interest in remainder or reverson, after an estate of freehold in his father and mother, and without right of entry, cannot maintain a petition for partition. 14 Mass. R. 434.—22 Ohio R. (2 N. S.) 207.—13 Pick. 251.—12 *id.* 374.—7 Mass. R. 475.—19 Wend. 367.—9 Cow. 562.—8 N. Hamp. R. 93.—2 Paige, 389.—5 Denio, 388.—1 Sandf. Ch. 202.— Co. Lit. 167.

Even if the deed was merely voluntary, it was good as between the parties to it, and void only as to creditors and subsequent purchasers for value, without notice. *Stanley* v. *Brannon*, 6 Blackf. 193.—*McNeely* v. *Rucker*, *id.* 391.

---•◦•---

SYMMES and Another *v.* BROWN and Others.

Parol evidence is admissible to remove a latent ambiguity in a deed or will.

And where such evidence is given, the whole, including the instrument, may be referred to the jury.

Where there is no ambiguity, the Court must declare the legal effect of the instrument.

There is no ambiguity in the deed copied in the opinion in this case.

The deed conveys the interest of each of the parties named in it, in the lands particularly mentioned in the premises, and again in the *habendum*.

APPEAL from the *Ohio* Circuit Court.

PERKINS, J.—Suit for the partition of a tract of land lying in sections 35 and 36, in *Dearborn* county. The land originally belonged to one *Roger Brown*, and at his death, descended to his heirs, among whom were *Ethan A. Brown* and *Hannah B. Symmes*. *Ethan A. Brown* died, leaving heirs to whom his interest in said land descended, one of which heirs was *Hannah B. Symmes*.

In this suit for partition, *Hannah B. Symmes* claims two shares in the land to be divided; one as heir of *Roger Brown*, and the other as heir of *Ethan A. Brown*, while the remaining heirs of *Ethan A. Brown* insist that she had conveyed to *Ethan A.*, in his lifetime, all her interest as heir of *Roger Brown*, so that she is now entitled but to the share falling to her as heir of *Ethan A. Brown*.

It is claimed that said *Hannah* conveyed her interest in sections 35 and 36 by deed, as follows:

" These presents are to testify that we, *Peyton S. Symmes* and *Hannah B. Symmes*, wife of said *Peyton S. Symmes*, of *Cincinnati*, in the state of *Ohio*, in consideration of the sum of seven hundred and fifty dollars, paid to us by *Ethan Allen Brown*, of the state of *Indiana*, do bargain, sell, release, and quitclaim to the said *Ethan Allen Brown*, and to his heirs and assigns forever, all the right, title, interest, and claim in law and in equity, which the said *Hannah B. Symmes*, and her brother, *David B. Close*, since deceased, of whom the said *Hannah* is heiress at law, derived by inheritance of and from their grandfather, *Roger Brown*, or otherwise acquired, and also all right, title, and interest, present and future, of the said *Peyton S. Symmes*, by virtue of his marriage with his said wife or otherwise, in and to the land contained in section twenty-two, and fractional section twenty-three, in the fourth township of the first range west of the meridian of the mouth of the great *Miami*

river, said lands lying in the county of *Dearborn*, state of *Indiana*, and in the possession of the said *Ethan A. Brown* and of his assigns now being: To have and to hold · the said section and fractional section, with the appurtenances, to the use of said *Ethan Allen Brown*, and of his heirs and assigns forever.

"In evidence whereof, we, the said *Peyton S. Symmes* and *Hannah B. Symmes*, do hereunto subscribe our names and affix our seals, at *Cincinnati*, on this thirtieth day of *December*, in the year one thousand eight hundred and forty-three.

"*Peyton S. Symmes*, [seal.]
"*Hannah B. Symmes*, [seal.]"

"State of *Ohio, Hamilton* county, ss: Before me, *Ebenezer Harrison*, a justice of the peace in and for the county aforesaid, on this 19th day of *February*, 1844, personally appeared *Peyton S. Symmes* and *Hannah B. Symmes*, his wife, makers of the within indenture, and acknowledged the same to be their voluntary act and deed, for the uses and purposes therein mentioned. The said *Hannah B. Symmes*, on being questioned apart from her husband, and the contents of the within deed made known to her, declared that she executed the same of her own free will, without fear of her said husband or compulsion on his part —the word four in the fourth line from the top interlined before signing.         "*Ebenezer Harrison*, [seal.]

"Justice of the Peace."

The admission of this deed in evidence was objected to, on the ground, alone, that the same was only a conveyance of the interest of *Symmes* and wife in sections 22 and 23, and not in sections 35 and 36.

It was proved that *Ethan A. Brown* was in possession of sections 35 and 36. There was no proof, aside from the allegation in the deed, that he was or was not in possession of sections 22 and 23; nor that said sections had or had not belonged to *Roger Brown*.

The Court admitted the deed in evidence.

It was then contended by *Symmes* that the construction of that deed was for the Court; that it was for the Court

to declare its legal effect; to say what it conveyed. On the other hand it was contended that there was a latent ambiguity in the deed, an uncertainty as to the subject-matter to which it was to be applied; that the parol evidence, that *E. A. Brown* was in possession of sections 35 and 36, and that they descended from *Roger*, taken in connection with the deed, tended to explain the ambiguity, and made a question upon the whole evidence for the jury. The Court held this view of the question, and referred all the evidence to the jury. They found that the deed conveyed the interest of Mrs. *Symmes*, in sections 35 and 36, to *Ethan A. Brown*, and that, in the pending partition, she would only take a share as heir of said *Brown*.

Parol evidence may be given to remove a latent ambiguity in a deed or will. See *Stevenson* v. *Druley*, 4 Ind. R. 519; 2 Phil. on Ev., ed. 1859, p. 644. And where such evidence is given, the whole, including the written instrument, may be referred to the jury. 2 Phil. on Ev., ed. 1859, p. 640.

But is there any ambiguity in the deed above set forth? If not, the Court should have declared its legal effect. And further, if there is no ambiguity in the deed, its construction by the Court would determine the rights of the parties under it, and this fact should have controlled the decision on the motion for a new trial; because, if the jury found against the construction the Court should have given, it rendered their verdict plainly erroneous. On the best reflection we can give, it seems to us that there is no ambiguity in the deed in question.

It is contended by the *Browns*, that the deed contains two clauses: 1. A release to *E. A. Brown* of all the interest, &c., of Mrs. *Symmes*, legal and equitable, in and to the estate of *Roger Brown* which she had therein, derived by inheritance from him. 2. A conveyance by *Peyton Symmes*, of all the right and interest he had in sections 22 and 23, by virtue of his marriage with Mrs. *Symmes*.

But we think the deed conveys the interest of each of said parties in the lands particularly mentioned in the premises, and again in the *habendum* of the deed. See 4

Cruise, top p. 348 in 2 Greenl. Cruise. This, we think, is the plain reading of the deed, and there is nothing in the evidence conflicting with it. The fact that sections 35 and 36 are in *Dearborn* county, is no evidence that sections 22 and 23 are not in the same county. The fact that *Ethan A. Brown* was in possession of sections 35 and 36, is no evidence that he was not also in possession of sections 22 and 23. And the fact that sections 35 and 36 once belonged to *Roger Brown*, is no evidence that sections 22 and 23 did not also once belong to him.

Had it been proved that sections 22 and 23 were not in *Dearborn* county, &c., it would have appeared that there was a mistake in the deed; but with this view we now have no concern.

The deed in question is plain in its language, specific as to property embraced, and there is nothing in the evidence to contradict its recitals, and no need of evidence to explain them.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. M'Donald* and *A. G. Porter*, for the appellants (1).
*J. Sullivan*, for the appellees (2).

(1) Counsel for the appellees cited the following authorities:

That the certificate of acknowledgement of the deed was insufficient, R. S. 1843, p. 421; *Butterfield* v. *Beall*, 3 Ind. R. 203.

That the *habendum* of a deed, being no longer of any value for the purposes for which it was anciently used, is, in modern times, looked to, as any other part of the deed, to ascertain the true sense and meaning of the whole, *Seymour's Case*, 10 Coke, 419; *Sumner* v. *Williams*, 8 Mass. R. 162; *Jackson* v. *Ireland*, 3 Wend. 99; 2 Greenl. Cruise, * 272.

That the Court erred in leaving the construction of the deed to the jury, *Harris* v. *Doe*, 4 Blackf. 369; *The Richmond, &c., Co.* v. *Farquar*, 8 *id.* 90.

(2) Excerpt from Mr. *Sullivan's* brief:

The Court committed no error in permitting the jury to hear extrinsic evidence to aid them in the construction of the deed from *Symmes* and wife to *E. A. Brown*. Numerous cases might be cited in support of this position, but for the sake of brevity I refer to a collection of authorities to be found in 4 Phil. Ev. by Cowen and Hill, p. 495, note 263. Also, 2 *id.*, ch. 7, §§ 1, 2.

The rules for the construing of wills and of other written instruments, are the same. 2 Phil. Ev. *supra*, per Chief Justice TINDALL, in *Shore* v. *Wilson*. Also, 4 *id.*, p. 495, note 260; 1 Greenl. Ev., § 287, and note 3.

It is said by appellants, that the deed of *Symmes* and wife to *E. A. Brown*, is, so far as it applies to property other than sections 22 and 23, void for uncertainty. This, I think, is not true, provided the property can, by the aid of extrinsic evidence, be identified. Moreover, when the grantee is in possession before the deed is made, or is put into possession at the time of making the deed, the rule in regard to uncertainty of description cannot apply. But in this case there is no uncertainty. Whatever Mrs. *Symmes* derived by inheritance from her grandfather, *Roger Brown*, or from her brother, *David Close*, was conveyed.

In *Miller* v. *Travers*, 8 Bing. 244, a devise of all the testator's property in the city of *Limerick*, was held to be good, although extrinsic evidence was necessary to identify the particular property devised.

In *Goodtitle* v. *Southern*, 3 M. and S. 299, a devise of "all that my farm called *Trogue's Farm* in the occupation of *C.*," was held sufficient.

If in the conveyance of an estate it is designated as "*Blackacre*," parol evidence must be admitted to show what field is designated by that name. So when there is a devise of an estate "purchased of *A.*," or of "a farm in the occupation of *B.*," extrinsic evidence is proper to show what estate was purchased of *A.*, or what farm was in the occupation of *B.* 1 Greenl. Ev., § 287. The same principle is recognized in *Beaumont* v. *Field*, 2 Chit. R. 275.

Although it is the province of the Court to construe written instruments, yet when the effect of such instruments depends, not merely on the construction and meaning of the instrument, but upon collateral facts *in pais* and extrinsic circumstances, the inferences of fact to be drawn from them are to be left to the jury. *Etting* v. *The Bank of the United States*, 11 Wheat. 59.—*Goddard* v. *Pratt*, 16 Pick. 412.—*Sidewell* v. *Roberts*, 1 Penn. R. 386, per GIBSON, C. J., and authorities cited.

The extrinsic facts above referred to, to-wit, that section 35 and fractional section 36 belonged to the estate of *Roger Brown*, sen.; that they were in possession of *E. A. Brown* at the date of the deed of *Symmes* and wife to him; that they then lay in *Dearborn* county; that sections 22 and 23 do not appear to have belonged to *Roger Brown's* estate, and that the conveyance was of property that Mrs. *Symmes* had derived by inheritance from her grandfather, *Roger Brown*, do, in the judgment of the appellees, sustain the construction given to the deed by the Circuit Court.

Inasmuch as these facts and circumstances were necessary to be ascertained in order to understand the deed referred to, and as the proper construction of the deed in view of these facts and circumstances was submitted to the jury by the consent of both parties, this Court, according to its uniform decisions, will not disturb the verdict. If there was error in it, which I deny, the rule *consensus tollit errorem* applies. *Dormer's Case*, 5 Coke, 40.