## THE STATE OF OREGON, RESPONDENT, *v.* MOY LOOKE, APPELLANT.

UNWRITTEN FOREIGN LAWS, HOW PROVED—HISTORICAL WORKS NOT EVIDENCE.—Courts do not take judicial notice of the laws of a foreign country, but they must be proved as facts.   The unwritten law of a foreign country must be shown by the oral testimony of witnesses skilled therein, and the published reports of the decisions of such country, and not by historical works, as provided for in section 748 of the code.

WRITTEN INSTRUMENT—COURT MUST CONSTRUE.—The construction and legal effect of a written agreement, when introduced in evidence, is a question of law for the court, and should not be left to the determination of the jury.

APPEAL from Multnomah County.

The appellant was .charged with the crime of kidnapping. The allegations are that, on the fifteenth day of December, 1877, in Multnomah county, Oregon, the defendant unlawfully seized, with intent to imprison, against her will, one Wong Ho, a China woman, the wife of one Ah Back. The defendant was convicted, and takes this appeal from the judgment rendered against him. "Upon the trial, it became a material question whether or not the said Wong Ho, alleged in said indictment to have been kidnapped, was the wife of one Moy Mow, and whether a marriage had been consummated between the said Wong Ho and Moy Mow in the kingdom of China, evidence having been introduced tending to show that said defendant was, at the time of the alleged kidnapping, acting with the knowledge and consent, and on behalf of, Moy Mow, and there also having been evidence introduced tending to show that, prior to the alleged kidnapping, Wong Ho had been forcibly taken and detained from Moy Mow, who claimed to be her husband."

For the purpose of showing that there are no written laws in the Chinese Empire upon the subject of marriage, and to lay the proper foundation for introducing evidence of the customs of that empire upon the subject, the appellant offered in evidence certain specified pages of a book, entitled "History of the Middle Kingdom; a Survey of the Geography, Government, Education, Social Life, etc., of the Chinese Empire and its Inhabitants, by J. Wells Williams."

The state objected that the evidence offered was irrelevant, immaterial and incompetent, and the court held that the evidence was incompetent and sustained the objection on that ground.

The appellant further offered certain pages from a book, entitled "A report of the Joint Special Committee to investigate Chinese Emigration," second session of the forty-fourth congress's report, No. 689, printed at the government printing office in Washington, the printing of which was directed by the congress of the United States.

To the introduction of the evidence above referred to the

state objected, and the court sustained the objection on the ground that the evidence was incompetent.

The appellant "offered evidence proving that in China marriage is consummated by an agreement in writing executed by the parents of the girl and delivered by them to the husband." This evidence was not contradicted or disputed.

The appellant then produced an agreement written in the Chinese language, and offered evidence to the effect that the agreement was executed by the parents of Wong Ho, and by them delivered to Moy Mow. The testimony was admitted and the agreement translated to the jury as follows:

"Hang Gee, eleven years second day of October, certify to the name is Wun Ho, in China betroth to Moi Sing Mow, the marriage prize was one hundred dollars, the parent were agree that Wun Ho shall be with Moi Sing Mow a hundred years old, both were agree and this was the proof:

"Hang Gee eleven years sec. Oct.

"Parent, Wong Yang.

"Sign,          LONG YOW."

The court instructed the jury "that as to what the laws and customs of China are upon the subject of marriage is a question of fact for the jury," and allowed the jury to find on that subject. This instruction was excepted to by the appellant. The court further instructed that it was the duty of the jury to construe the written agreement offered by the appellant as evidence of a marriage in China, and to this instruction also the appellant excepted.

*Hill, Durham & Thompson,* for appellant.

*J. F. Caples, District Attorney, and M. F. Mulkey,* for the state.

By the Court, PRIM, J.:

The first ground of error assigned is that of excluding the evidence offered by the appellant. It is claimed that the excluded evidence was offered for the purpose of showing that the laws of the Chinese Empire relating to the subject

of marriage are unwritten laws, and for the further purpose of showing what those laws were. It is urged that this evidence should have been admitted under section 748 of the code, which provides that "historical works, books of science or art, and published maps or charts, made by persons indifferent between the parties, are primary evidence of facts of general notoriety and interest." The provisions of this section we do not regard as applicable to this class of facts, and especially when we take into consideration section 717 of the code, which provides that "the oral testimony of witnesses skilled therein is admissible as evidence of the unwritten law of a sister state or foreign country, as are also printed and published books of reports of decisions of the courts of such state or country."

Thus it will be seen that it is directly provided by this section, that the unwritten law of a foreign country must be shown by "oral testimony of witnesses skilled therein," or "by the published reports of the decisions of the courts" of that country. We think there was no error in excluding the evidence offered by appellant.

It is further claimed that there was error in the instructions of the court to the jury.

They were instructed as follows: "That as to what the laws and customs of China are upon the subject of marriage was a question of fact for the jury," and they were allowed to find upon that subject. The court also instructed the jury "that it was their duty to construe the said agreement in writing, purporting to be a marriage contract, and that it was only admitted as evidence on the ground that it was part of the transaction which was claimed to be a marriage between the said Moy Mow and the said Wong Ho."

The general rule is that courts do not take judicial notice of the laws of a foreign country, but they must be proved as facts. Mr. Story, in discussing the question whether they are to be proved as facts to the jury or to the court in trials at common law, says: "All matters of law are properly referable to the court, and the object of the proof of foreign laws is to enable the court to instruct the jury what, in point of law, is the result of the foreign law to be applied

to the matters in controversy before them. The court are, therefore, to decide what is the proper evidence of the laws of a foreign country, and when the evidence is given of those laws, the courts are to judge of their applicability, when proved, to the case in hand. But when the evidence consists of parol testimony of experts as to the existence or prevailing construction of a statute, or as to any point of unwritten law, the jury must determine what the foreign law is, as in the case of any controverted fact depending upon like testimony. But when the evidence admitted consists entirely of a written document, statute, or judicial opinion, the question of its construction and effect is for the court alone." (Story on Conflict of Laws, sec. 638; 99 Mass. 255.) Section 175 of the criminal code provides that "all questions of law, including the admissibility of testimony, the facts preliminary to such admission, and construction of statutes and other writings, * * * * are to be decided by the court."

The construction and legal effect of the written agreement introduced in evidence by appellant was a question of law for the court, which should not have been left to the determination of the jury. And the last instruction of the court, which undertook to submit the construction and legal effect of that written agreement to the jury, was erroneous. The judgment of the court below should be reversed and a new trial awarded the appellant.