# JOHNSON *v.* SHIVELY.

### WRITTEN INSTRUMENTS—CONSTRUCTION—EXCEPTIONS.

It is a question of law for the court to construe and declare the legal effect of deeds, or other written instruments.

When a question of law has been improperly referred to the decision of a jury, if it be apparent that the question has been correctly decided by the jury, exceptions for that cause will not avail.

APPEAL from Clatsop.    The facts are stated in the opinion.

*Wm. Strong & Sons*, for appellant.

*Robb & Fulton*, for respondent.

By the Court, LORD, C. J.:

This was an action brought by the respondent to recover of appellant, upon his warranty of title to certain lots in Shively's addition to the city of Astoria, the sum of two hundred and sixty-seven dollars and sixty-five cents, the amount alleged to have been paid by respondent to buy in an alleged superior outstanding title in R. C. Shively.    The verdict of the jury was in favor of the respondent for the sum of one hundred and sixty-seven dollars and sixty-five cents, and judgment was rendered for that amount, and costs and disbursements.

The bill of exceptions discloses that the respondent, to sustain her action, introduced in evidence two deeds, executed by appellant and wife—one in 1862, and the other in 1864— both with covenants of warranty, to the lots in question, and by mesne conveyances to the respondent; also the decree of the circuit court, rendered in the year 1857, conveying the same lots, among other property, to R. C. Shively and Joseph Shively.

At the October term of the circuit court, in 1879, R. C. Shively commenced an action against the respondent to recover the possession of the undivided one-half of said lots, and the appellant was notified to defend the same, which he failed to do.    Subsequently the respondent compromised with R. C. Shively, by paying him the sum of one hundred and two

dollars for his title, and taking a quit-claim deed from him.

Exceptions were taken to the admission of the deeds and decree in evidence, none of which are availing, as disclosed by the record. Among other things, the court charged the jury that, "Whether or not the deeds admitted in evidence show title to the undivided one-half of the lots in R. C. Shively, which is the foundation of this action, is a question of fact for you to decide."

It is insisted that this instruction is error, because it is the duty of the court to declare the legal effect of the deeds. The rule of law is considered to be well settled, that the construction of a written instrument is a matter of law for the court to define its terms and legal effect from the language used. The exception to this is when the meaning and construction depend upon intrinsic facts which are doubtful and disputed. (*Edleman* v. *Genkel*, 27 Penn. St., 26.)

As to who holds title from certain deeds introduced in evidence, it is undoubtedly error to submit it to a jury as a question of fact. (Proffatt on Jury Trials, sec. 306.)

In the *State* v. *Delong*, 12 Iowa, 455, the court say: "It was proper for the court to state who held the title to certain real estate from the deeds introduced, or when the question was one of law from the evidence."

In *Livingston* v. *Junction Railroad*, 7 Ind., 598, it is held that it is for the court to declare the force and effect of a written instrument called a release. (*Symmes* v. *Brown*, 13 Ind., 320.)

The authorities are uniform in holding that it is the province of the judge to charge the jury as to the legal effect of deeds or other written evidence. (*Montag* v. *Linn*, 23 Ill., 556; *Carpenter* v. *Thurston*, 24 Cal., 268.)

So, also, the construction of a deed is not to be submitted to the jury, without limitation or restriction, or specific instructions that they shall only determine certain matters of fact. (*Morse* v. *Weymouth*, 28 Vt., 824; Hilliard on New Trials, 326, sec. 87, and authorities cited.)

Tested by the authorities, the instruction was error. But the principle is also well settled, that when a question of law has been improperly referred to the decision of a jury, and it is apparent that the question has been decided correctly by them, exceptions for that cause will not avail, and their verdict will not be set aside. (*Woodman* v. *Chesley*, 39 Maine, 45; Ib., 173; *Simpson* v. *Norton*, 45 Maine, 281.)

Such we think was the fact in this case, and the judgment must be affirmed.

Judgment affirmed.