Decided 28 January, 1901.

38    473
f48   599
48    602

## CHRISTENSON v. NELSON.

### [63 Pac. 648.]

AMENDING PLEADINGS — DISCRETION.

1. Amendments to pleadings may properly be allowed when they are evidently intended to correct obvious oversights or mistakes, and do not result in injustice to the opposing parties: *Farmers' Bank* v. *Saling*, 33 Or. 394, and *Nunn* v. *Bird*, 36 Or. 515, cited.

CONSTRUCTION OF SALE CONTRACT — CONDITION PRECEDENT.

2. Under a contract to deliver certain chattels of a given value, for which stated payments are to be made, providing that the title to the property "shall remain in the party of the first part till all the payments hereinbefore mentioned shall have been fully made," and that the vendor "shall have the same insured in its own name, and the vendee shall pay for the same," the payment for the insurance is not a condition precedent to the passing of the title.

CONTRACT OF SALE — TRANSFER BY VENDEE.

3. Under a conditional sale contract reserving title in the vendor until payment is completed, the vendee may transfer his interest and such third parties may compel performance of the contract by the vendors, since under such contracts, unless otherwise expressly stipulated, the vendee has a transferable right.

SUFFICIENCY OF TENDER — DEPOSIT IN COURT.

4. In an action by vendors to recover property sold on a conditional contract, evidence of a tender of certain money due thereon, though not kept good by payment into court, was properly admitted, since it was an offer of performance, and hence a defense to an action to recover the property on account of a breach of the contract.

ESTOPPEL TO CHANGE REASON FOR REFUSING TENDER.*

5. After a tender has been refused for a given reason evidence of the tender should not be excluded for some other reason than the one originally assigned; thus, where a tender was refused because an independent amount claimed was not paid, evidence of such tender could not be excluded on the ground that it did not include interest.

TENDER AS EVIDENCE OF OFFER TO PERFORM.

6. Where tender was made of the unpaid balance on an installment

---

*NOTE.—As to estoppel on changing position after the opposite party has relied thereon, see *Wyatt* v. *Henderson*, 31 Or. 48, and *Anderson* v. *Portland Flouring Mills Co.*, 37 Or. 483.—REPORTER.

contract, though no payment was then due, evidence of such tender was property admitted as an offer of performance, since a purchaser might perfect his title at any tme by payment of the price.

HARMLESS ERROR — CONSTRUCTION OF CONTRACT BY JURY.

7.   Where the court improperly submitted to the jury the construction of a contract, but they construed it correctly, the error was harmless, and the verdict should not be disturbed.

From Multnomah: ARTHUR L. FRAZIER, Judge.

Action by John P. Christenson and Daniel J. McMaster, partners as the Christenson-McMaster Machinery Company, against J. R. Nelson and another, commenced October 15, 1898, to recover possession of personal property.   The complaint alleges, in substance, that on the eleventh day of May, 1898, the plaintiffs delivered to Gustave Sundberg and Peter Lind certain planing-mill machinery, under an agreement by which they were to pay $535 therefor,—$225 at the time of delivery, $50 on July 10, $100 on October 10, and $160 on November 10 following; that such contract further provides that the title to the property "shall be and remain in the party of the first part (plaintiffs) until all of the payments therein mentioned have been fully made, and it is further agreed that the party of the first part shall have said machinery insured in its own name, and the parties of the second part shall pay for the same"; that Sundberg and Lind have neglected to comply with their contract, in that they failed to pay the insurance on such property as agreed, or to make the payments as provided in such contract, and, without the consent of the plaintiffs, have delivered possession of the property to the defendants, who forcibly and unlawfully withhold and detain the same from the plaintiffs, to their damage in the sum of $770, which is alleged to be its value.   The defendants in their answer admit "the partnership as alleged in plaintiffs' complaint, also the conditional sale of the property set forth in plaintiffs' complaint," and for a further defense aver that on the first of August, 1898,

Sundberg and Lind, with the knowledge and consent of the plaintiffs, for a valuable consideration, sold and transferred all their right, title, and interest in and to the property in dispute, and delivered possession thereof, to the defendants; that it was agreed, as a part of such contract, that the defendants should make the deferred payments due plaintiffs under the agreement between them and Sundberg and Lind, in pursuance of which, on August 3, 1898, they made the payment of $50 due July 10, 1898, which was accepted and receipted for by the plaintiffs; that on the tenth day of October, 1898, defendants tendered to the plaintiffs the amount then due, and have ever since been and now are, ready and willing to pay the same, and bring the amount into court with their answer, and deposit it with the clerk for the use and benefit of the plaintiffs. A reply was filed, denying specifically all the new matter set up in the answer. On the twenty-first of November, 1898, plaintiffs filed a supplemental complaint, alleging that the payment of $160 falling due November 10 had not been made, nor any part thereof. As an answer to the supplemental complaint, the defendants admit the truth of the facts set forth therein, but allege "that since the fifteenth day of September, 1898, the plaintiffs have at all times refused to accept from defendants any of the payments due on said agreement, and that defendants have at all times strictly complied with the terms of said agreement, as to payments due thereunder, and tendered to plaintiffs all payments due thereunder, including payments set forth in supplemental complaint, on the date the several payments became due." The allegations of the supplemental answer having been put in issue by the reply, a trial was had, resulting in a judgment in favor of the defendants, from which the plaintiffs appeal, assigning as error the ruling of the trial court in the admission of testimony and in its instructions to the jury.                AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. A. King Wilson.*

For respondents there was a brief and an oral argument by *Mr. John C. Leasure.*

Mr. Chief Justice Bean, after stating the facts, delivered the opinion of the court.

1. Upon the trial the plaintiffs offered to prove by Frank Dooley, an insurance agent, that on May 12, 1898, by the consent of plaintiffs and Sundberg and Lind, he insured the property in controversy for the sum of $1,000, evidenced by a policy issued to the latter, and that the defendants in this suit assumed the payment of the premium of $70. The court refused to admit such testimony, and, on motion of defendants' counsel, permitted the answer to be amended by interlineation so that the admission therein should read as follows: "Defendants admit the partnership as alleged in plaintiffs' complaint; also the conditional sale of the property set forth in the plaintiffs' complaint, except the word 'herein,' in line 18 of page 2 of said complaint, which in said original contract is 'hereinbefore,' and not otherwise." The refusal to admit such testimony and the allowance of the amendment constitute the first assignment of error. The amendment was evidently intended to correct an obvious mistake in the answer, and its allowance was manifestly within the power and discretion of the court: *Koshland* v. *Fire Assoc.,* 31 Or. 362 (49 Pac. 865); *Farmers' Bank* v. *Saling,* 33 Or. 394 (54 Pac. 190); *Nunn* v. *Bird,* 36 Or. 515 (59 Pac. 808). Under the contract as alleged in the complaint, the title to the property in controversy was to remain in the plaintiffs until all payments provided therein should be made, which the plaintiffs insisted included the insurance premium; and, under the admissions of the original answer, they contended they were entitled to the testimony

of the witness Dooley. It was to obviate the effect of this admission that the amendment was allowed, and there was no reversible error in rejecting the testimony, although the contract between the plaintiffs and Sundberg and Lind had not at that time been offered in evidence.

2. It was subsequently admitted, and, after setting out the terms of the payments for the machinery purchased, as alleged in the complaint, it stipulated that the title to the property "shall be and remain in the party of the first part till all of the payments hereinbefore mentioned have been fully made; and it is further agreed that the party of the first part shall have the said machinery insured in its own name, and the parties of the second part shall pay for the same. Interest on all deferred payments in this contract to be paid by the parties of the second part at the rate of ten per cent. per annum." It thus clearly appears that the payment for the insurance was not a condition precedent to the passing of the title, and hence that plaintiffs were not entitled to the evidence in reference thereto.

3. It is next insisted that the court erred in admitting in evidence the written transfer by Sundberg and Lind, made August 1, 1898, of their interest in the property to the defendants. This objection seems to be based on the admittd rule that under a contract of conditional sale the vendee cannot sell the property so as to pass a good title as against the vendor until the conditions are fulfilled: *Singer Mfg. Co.* v. *Graham,* 8 Or. 17; *Schneider* v. *Lee*, 33 Or. 578 (17 Pac. 269). But the answer alleges, and there was evidence tending to show, that the transfer was made with the consent and approval of the plaintiffs. If so, it was valid and binding upon them, and hence the testimony was competent on that ground. And, moreover, under a contract of the character now under consideration the vendee is entitled to the possession of the property, and to become the absolute owner thereof, upon complying with the terms of

the contract.  These are rights of which he cannot be devested by any act of the vendor, and which he can transfer to another in the absence of a stipulation in the contract to the contrary.  The title to the property vests in the vendee upon the performance of the conditions of the sale, or in his vendee in the event that he has transferred his interest therein:  Benjamin, Sales (7 ed.), 300; *Carpenter* v. *Scott*, 13 R. I. 477; *Day* v. *Bassett*, 102 Mass. 445; *Crompton* v. *Pratt*, 105 Mass. 255; *Currier* v. *Knapp*, 117 Mass. 324; *Chase* v. *Ingalls*, 122 Mass. 381.

4.  It is next asserted that the court erred in admitting evidence of a tender made by the defendants of the amount remaining due under the contract.  The testimony shows that on August 3, 1898, the defendants paid to the plaintiffs the installment due July 10, and received from them a receipt in writing therefor; that on September 16 they tendered the entire balance remaining due, and renewed the tender, as to the partial payments, October 10 and November 10, as they each became due; that the plaintiffs refused to accept either of the tenders so made unless the defendants would pay the $70 premium for insurance and an open account of Sundberg and Lind for $12.  The objections to the admission of this testimony are (1) that the answer to the supplemental complaint does not allege that the tender of $160 has been kept good by depositing the amount in court; (2) that the plaintiffs were not bound to accept the deferred payments from the defendants; and (3) that the tender did not include the interest on the deferred payments. So far as the first objection is concerned, it is sufficient to say that, as we understand the law, in a case of this character it is not necessary to keep the tender good by taking the money into court and depositing it with the answer.  If the tender was properly made, it was the equivalent of payment, and was as much a discharge of the defendants' duty as an actual payment.  In other words, it amounts to an

offer of performance on the part of the defendants, and, if properly made, would be a defense to an action by the vendor to recover possession of the property on account of a breach of the contract: Miller, Cond. Sales,· § 36. The second objection is without merit, because, as we have already seen, the defendants had a right to complete the purchase as the vendees of Sundberg and Lind. And so, also, is the third.

5. The refusal to accept the tender was on the ground that defendants would not pay for the insurance and open account, and not because it did not include interest.

6. It is next urged that the court erred in admitting testimony tending to show a tender on the sixteenth of September, 1898, of the balance unpaid on the contract. The ground of this objection is that no money was then due; but in this class of cases the purchaser may perfect his title at any time before default by payment of the price, although it is payable by installments not yet due: *Cushman* v. *Jewell,* 7 Hun, 525.

7. It is next insisted that the court erred in submitting to the jury the construction of the contract between the plaintiffs and Sundberg and Lind, so far as it refers to interest upon deferred payments. It is elementary law that it is for the court, and not the jury, to construe and declare the legal effect of written contracts or instruments: *State* v. *Moy Looke,* 7 Or. 54; *Williamson* v. *North Pacific Lumber Co.,* 38 Or. —— (63 Pac. 16). But it is also well settled that where a question of law has been improperly submitted to the jury for their decision, and has been correctly decided by them, the error is harmless, and their verdict will not be disturbed: *Johnson* v. *Shively,* 9 Or. 333. Now it appears that in this case the jury construed the contract in accordance with the practical construction put upon it by the parties themselves. The question was whether "interest on deferred payments" meant interest from the date of the con-

tract, or from the time of the maturity of such payments, and the parties in their dealings adopted the latter construction. After the alleged transfer of the property to the defendants· by Sundberg and Lind, they paid plaintiffs the installment due July 10. At that time no interest was demanded or paid. So, too, objection to the subsequent tender of the other installments was put upon other grounds than insufficiency of the amount. Whatever, therefore, may be the technical legal construction of the language of the contract, standing by itself, the parties have given to it a practical construction, which the jury adopted; hence the error in submitting its construction to them was harmless.

Some objection is also made to the form of the verdict, but, as the record is silent, we must assume that the property was in possession of the defendants at the time of the trial, and, if so, the verdict is sufficient: *Nunn* v. *Bird,* 36 Or. 515 (59 Pac. 808). This disposes of the several assignments of error, and the judgment of the court below is affirmed.    AFFIRMED.