Decided 23 January, 1906.

### BAKER COUNTY v. HUNTINGTON.

83 Pac. 532.

PRINCIPAL AND SURETY — RIGHT TO DELIVER INCOMPLETE INSTRUMENT.
1. Where a sheriff delivered a bond to the county court, without signing the same himself, without the names of any of the sureties except one being entered therein or certain other sureties qualifying, and without obtaining the signatures of sureties sufficient to complete the bond, the liability of the sureties who had signed the bond depends on whether the sheriff had authority to deliver the uncompleted and imperfect instrument as their act and deed, and not on whether there was any definite understanding or agreement between the sheriff and such sureties at the time the instrument was signed by them, that it should not be so delivered.

IMPLIED AUTHORITY TO DELIVER.
2. A principal's authority to deliver an uncompleted bond as the act and deed of certain sureties who had signed the same may be implied from the sureties' acts and conduct.

MERE SIGNING NOT SUFFICIENT AUTHORITY TO DELIVER.
3. Where certain sureties signed an uncompleted and imperfect bond of a public official, attempting to limit their liability by writing amounts before their names, their mere act in so signing the bond and leaving it with the principal, with any express restriction as to its delivery, is insufficient as a matter of law to show authority of the principal to deliver the bond in its uncompleted condition.

From Umatilla: WILLIAM R. ELLIS, Judge.

Action by Baker County against A. H. Huntington and others. There was a judgment for plaintiff, from which defendants appeal.                         REVERSED.

For respondent there was a brief over the name of *Hart & Smith*, with an oral argument by *Mr. William Smith.*

For appellants there was a brief over the names of *Bauer & Greene* and *Hailey & Lowell,* with an oral argument by *Mr. Thomas Gabbert Greene.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action upon an instrument alleged to be a sheriff's bond as tax collector. The facts are substantially stated, and the law applicable thereto declared, in the opinion on the former appeal: 46 Or. 275 (79 Pac. 187). Upon the second trial it appeared that Huntington was elected sheriff of Baker County in June, 1900, and qualified by taking the oath of office in July, and giving the undertaking required by Section 2392, Hill's Ann. Laws. His bond as tax collector was fixed by the county court at $10,000, but he seems to have had some difficulty in obtaining sureties thereon, and at the meeting of the county court in September, he had been able to obtain only the signatures of the defendants to this action, each of whom had attempted to limit his liability by writing or causing to be written before his name the amount for which he intended to become liable, and which amounted in the aggregate to only $7,000. Without signing the instrument himself, and without the names of any of the sureties, except Brown, being entered therein, or the sureties Brown and Fleetwood qualifying, and without obtaining the signatures of sureties sufficient to complete the bond, the uncompleted instrument, a copy of which is set out in the former opinion, was, as the plaintiff alleges, delivered

by Huntington to the county court, and received by it as and for his bond as tax collector.

The defendants requested the court to instruct the jury:

"It was incumbent upon Baker County, owing to the irregularities appearing on the face of the instrument, to make all reasonable efforts to ascertain if there were conditions limiting the obligations of the. sureties, and to ascertain whether or not the sureties thereon had consented to its delivery in the condition in which you find it. I instruct you that if you find that the instrument in question was handed to the county judge of Baker County in its present condition by Huntington, and that at said time the defendants had not consented to its use by said county as the tax collector's bond, that the receipt by said county of such instrument under those circumstances did not constitute a delivery, and such receipt does not render defendants liable thereon."

The court refused to give the instruction as requested,. but gave it as modified, by adding at the end of the first sentence the words "unless the defendants by the assent or understanding of Huntington imposed no restrictions as to its delivery." The court also charged:

"If you are satisfied that the instrument involved in this suit was signed by the defendants and delivered to Huntington * * without any agreement or understanding between the sureties and Huntington that it was not to be delivered to the county until other qualified persons had signed it, * * Huntington had the right to deliver the same to the county court, and if you find that thereafter he did deliver it as his tax bond, and the county court accepted it as such, your verdict should be for the plaintiff."

And this charge was also given :.

"If you believe from the evidence that the bond was signed and. delivered to Huntington without any conditions or restrictions as to when and how it was to be further signed or executed, if at all, before the delivery, the failure of the court to inquire regarding his authority

to deliver it would not affect his right to so deliver the bond."

And it was further charged that if the bond was signed by the defendant sureties, and —

"They gave it, or left it in the hands of Huntington, as his tax bond, without imposing upon him definite or any conditions that it should.not be delivered until signed by other persons, * * they thereby made him their agent to deliver it to the county court in the form in which it left their hands."

1. By these instructions and others of similar import, which were given, but not here set out, the right of Huntington to deliver the bond was made to turn on the question whether there was any definite understanding or agreement between him and the defendants' at the time the instrument was signed by them that it should not be delivered in its then condition, and not whether he had authority to deliver the uncompleted and imperfect instrument as their act and deed. This is not the law as declared in the former opinion. After stating that "Huntington must have been clothed with authority from the sureties, real or apparent, to deliver the bond, as a completed instrument, or his disposition of it could not bind them," the opinion proceeds to show that the defects and infirmities of the instrument were such that the doctrine of apparent authority could not be invoked, and therefore it "became a question of fact for the jury to determine from the evidence whether, in reality, Huntington was given authority—not whether he had apparent authority, as the bond on its face refutes that—from the sureties signing to deliver this bond to the county court as their act and deed." We do not think we can make the question any clearer by elaborating on the former opinion.

2. It is not necessary for the plaintiff to show express authority from the defendants to Huntington to deliver

the bond. His authority may be implied from their acts and conduct, but he must have authority, either express or implied, to make the delivery before it could become effective.

3. The mere signing by them of the uncompleted and imperfect instrument in the manner in which they signed it, and leaving it with Huntington, without any express restriction as to its delivery, was not enough to show authority to deliver it, as a matter of law. It would be an important fact to be considered along with all the other evidence in determining whether they intended to vest him with authority to deliver the instrument in its then condition as their act and deed, or whether the understanding was that it should not be delivered until the aggregate amounts assumed by the several sureties should equal the face of the bond. If at the time they executed the bond they imposed no restrictions upon its delivery, and nothing was said about that matter or the obtaining of other sureties, it would evidence an intent to make Huntington their agent to deliver it to the county court; but it would not be conclusive. Huntington's authority must be determined from all the circumstances in the case, and not from one single item of evidence. The uncompleted condition of the instrument, the manner of its execution by the defendants, their attempt to limit their liability by writing the amount each intended to assume opposite his signature, the fact that the sum of such amounts did not equal the face of the bond, are all important factors, and should be considered.

The instructions as given were not in harmony with these views, and the error was not cured by the instructions given at the request of the defendants.

The judgment is reversed, and a new trial ordered.

REVERSED.

Mr. Justice HAILEY, having been of counsel, took no part in this decision.